Lynch is our next case. Good morning, Your Honors. Please the court. My name is Attorney Harold Block and I represent Mr. Janko Jankovic in this matter. This is an immigration case. Briefly, a factual history is that Mr. Jankovic was a person born in Bosnia of Serb ethnicity when the conflict developed in Bosnia Herzegovina in 90 and 91. In 92, he and his wife fled from the village where they were located and they crossed into Serbia and that was in 1992 and they had a small child with them and then over the course of the next year, Mr. Jankovic had testified that he had been living in a number of different places, none of which were really very suitable for habitation, but it was all that was there at the time and then along the line, because he was not a Serbian citizen, he was arrested by the police in close proximity and given an option to either join the Bosnian Serb military or army or the police brigade and generally speaking at the time, it was considered that there were many better factors in employment being in the police brigade than being in the army and so starting then in, I believe, in about mid 1993, he was in that police brigade. Later on... Counsel, I have a question about whether there is any jurisdiction in this court. The conclusion that somebody is not entitled to stay in the United States on account of extreme hardship is not reviewable in this court. Under the Real ID Act, we could review the eligibility decision but not the application decision and it seems that the immigration judge and the board found both ineligibility and no exercise of discretion in the alien's favor, even if he were eligible. Given the second decision, how could we have jurisdiction? All right, as the judge indicated in his decision on his analysis, it's a two-step process essentially. First, he makes a decision based upon consideration of facts. Yes, we're well aware of this. I wish you'd address my question. Okay, well our argument here is that that part of the analysis is an antecedent to the second part which is... The board made two decisions, ineligible and unfavorable exercise of is not judicially reviewable. I do agree with that. Therefore, how could we review anything? To review the eligibility question, given that he is going to be removed and we can't upset the removal order, would be a classic advisory opinion because it can't affect the outcome. Well, our argument is, Your Honor, that in arriving at the decision that he made on statutory ineligibility, that the immigration judge very clearly relied on inferences. Yes, he said both things. He said ineligible and not going to exercise discretion in your favor and he gave multiple reasons for that. No extraordinary hardship and the alien was a persistent liar and had committed fraud in order to enter the United States. Those are grounds independent of whether he's a war criminal. Yes. Right, and the immigration judge gave those, the Board of Immigration Appeals gave those. Your argument seems to be that if there's also an eligibility issue, the court has to reach everything. Well, that unfortunately for you is inconsistent with the Supreme Court's opinion in Baghamasvat, which you haven't discussed. I understand that, Your Honor, but here's the point that I'm trying to emphasize. The judge, in his opinion, referenced very significantly, when he discussed ineligibility, his conclusions that he derived from questions that he had personally posed to the government expert witness and which were clearly oriented towards confirmation that in fact, although there was no evidence of this fact, that Yankovic had ever engaged in any kind of deployment activities or any kind of military or genocidal activities, that he concluded that in his opinion, based upon inferences that the expert witness made when he was asked these questions by the judge, that in fact, he in fact, that he in fact had been engaged in this and I didn't, and personally, I think it's clear from the record that this caused him to conclude that and to influence him to overlook the evidence of record that existed as it related to extreme hardship for the people, for the family, for the, not for the people, for the U.S. citizen wife. She is the qualified person in a waiver determination. I understand that. You argued that to the board and the board disagreed with that. So we have a discretionary adverse judgment. Yes. Which we can't review. Well, I believe that it isn't completely discretionary. I believe that the case that we cite in the reply brief, among other things, a matter of DR, and also as it relates to, if you'd excuse me for a second, to Morales from the circuit and also from Mama Gunanian, that there are in fact factual matters that are not getting to the point where the final decision is purely discretionary and that those truly are non-discretionary questions and that a determination of those factual matters is of a non-discretionary nature, but they can be the prerequisite then, as they were in this case, for the judge to conclude that there was not statutory eligibility of Yankovic to have a waiver considered. And I don't believe that a judge's decision, as it relates to the statutory eligibility, is one that is completely discretionary in nature and is subject not for review. I believe that the board mischaracterized that aspect of it and I believe that it's clearly distinguishable. And as a matter of fact, I believe that when the judge went to his analysis and described it, that he made it very clear that he understood that there was this requirement, first to deal with the question of statutory eligibility and then subsequently to determine if in his discretion he would rule in any other way. The second phase of that analysis is clearly a discretionary one, but I don't believe that the first phase of that is clearly totally a discretionary one. And by reaching that second one, he's not making it bulletproof, you're saying? No, I don't believe he is because if he has determined, in effect, depending on his determination as to what is the statutory eligibility in this case, if clearly the applicant has established statutory eligibility for a waiver by consideration of the factual information propounded, then in fact the burden or the exercise, if you will, on the second phase of that in terms of exercising any kind of discretionary denial of that, which admittedly the judge could just simply throw out the very substantial reasoning and analysis as to why he chose to do that. This sounds like an argument that if an immigration judge says that there was no extraordinary or extreme hardship, that's reviewable in the Court of Appeals to see whether that decision is supported by substantial evidence. I think it is. Well, you must be aware that this circuit has held that it is not. Well... Do you want us to overrule those cases? You certainly haven't asked us to overrule them. Well, I believe that clearly the fact of the matter is that... No, look, I asked a concrete question. Do you want us to overrule our case law? I think... The Ninth Circuit alone among appellate courts has held that the substantial evidence question is reviewable. We have held otherwise. So has every court other than the Ninth. Are you asking us to overrule those decisions? I am, Your Honor, because I believe... What do you mean you are? I looked in your brief to see if you were asking us to overrule them. You can't make an overruling request for the very first time at oral argument. These issues have to be briefed. You need to be responsible. I understand that, Your Honor. But I believe that, again, under the right set of circumstances and in accordance with some of the other decisions, Morales and some of those things, some of those cases from various circuits, that in fact if the antecedent aspect of the decision making process doesn't evolve around discretionary exercise or questions, but it is clear that there's... That the evidence of the hardship is clearly propounded in a way that, as in this case, the judge simply indicates that he's choosing to give no weight to, then I think that that's a violation, quite frankly, of the duty that the judge has in passing the first hurdle of that test, which is the statutory eligibility determination. I believe then that following from that, that it is certainly clear that by ignoring that, that the judge is already putting himself into a position where if he exercises his right to ignore all of the factual information as it relates to statutory eligibility, that he is then violating his responsibility. That may be, but your argument for judicial review of that sounds like squaring a circle here. I understand, yes. And unfortunately sometimes, you know, that's by necessity sort of a way that you have to direct those things, but I believe the alternative is not to bring a petition for review if there's not a plausible basis for jurisdiction. And I understand that, but I believe that there is a plausible basis for consideration and that is why we have proceeded on this, hoping that we could in some way convince the court that that was the No, he's not, Your Honor. I'm not sure that we have any basis for review of this at all, but I think it's an unfair statement to say that the judge ignored evidence of hardship. The judge did consider the evidence of hardship and I don't think failed to mention any of the evidence of hardship. He just did not find the evidence sufficient to establish the hardship of the extent that would provide for relief for your client. I understand, and the case was the psychological assessment and evaluation. And the judge discussed that in some detail. Well, his discussion was that he gave it very little weight and he based that observation on the fact that he concluded that a psychologist who would render that type of a diagnosis would not be in a position or be capable of doing that if the psychologist had had one session of some length in which the psychologist took the history, administered the tests, the depression test, the symptom 90 test, the two classic tests for psychological evaluations and concluded that the person being evaluated had PTSD based on prior experiences prior to coming to the court. In that regard, to just simply say with no rebuttal witness of any kind on the psychological testimony that he was giving it no weight seems to be pretty contrary to the way in which he dealt with weight from the government expert witness as it related to all kinds of things for which there were no essentially my argument. Thank you counsel. Thank you. Mr. Menken. Good morning, Your Honors. Jeffrey L. Menken, United States Department of Justice for the Attorney General. Two statutes deprive the court of jurisdiction to review the agency's denial of petitioner's request for inadmissibility. I believe our brief addresses the issues that are before the court. I'd be happy to entertain any questions that the court may have in that regard. Otherwise I would rely on our briefs. Seeing no questions. Thank you counsel. Thank you very much. The case is taken under advisement.